THE STATE, on the Relation of LINGENFELTER, *v.* THE DAN-
VILLE AND NORTH SALEM GRAVEL ROAD COMPANY.

INFORMATION.—*Gravel Road.*—*Assignment of Judgment.*—Information under
section 749 of the code, against a gravel road company, for assigning a
judgment rendered in its favor, there being no averment that full value was
not received on such assignment.
*Held,* that the information would not lie.
SAME.—*Failure to Collect Assessments.*—Such an information will not lie
against a gravel road company for collecting only part of the amount of the
assessments on particular pieces of land, there being no averment that the
amount collected was less than the amount required to complete the road.
SAME.—*Failure to List Lands.*—Where the assessors appointed by the county
commissioners, under the act of 1867, to assess the benefits to lands lying
within one mile and a half on either side of a gravel road and within a like
distance from the terminus, failed to list all the lands benefited;
*Held,* that this was not ground for an information against the company.

APPEAL from the Hendricks Circuit Court.

This was an information under the statute, against the
appellee, alleging that the appellee was a gravel road com-
pany organized in 1867, under the act authorizing the con-
struction of plank, &c., roads, approved May 12th, 1852,
and certain other acts in aid thereof; that said company hav-
ing a subscription of eight hundred dollars per mile to con-
struct its road from Danville to North Salem, and not hav-
ing a sufficient amount for the construction and completion
of said road between said points, the president, secretary,
and directors, on the 22d of June, 1867, petitioned the board
of commissioners of Hendricks county for the appointment
of three disinterested freeholders of said county, to assess
the amount of benefit to each tract of land within one mile
and a half of said road on either side thereof, and within
the like distance of the terminus thereof, and procured the
appointment of three persons named as such assessors; that
said appraisers assessed the benefits to a portion of the land
within said limits, including a tract described, owned by the
relator, the benefit to which was assessed at two hundred
and fifty dollars, and certain other tracts described, belong-

ing to other persons named, at certain amounts stated; but that all the lands lying within the prescribed limits were not assessed by said appraisers; that said company has exercised powers not conferred upon it by law, in this, that on the 14th of June, 1869, said company, by its president, sold and assigned to one L. M. Campbell a certain judgment recovered by said company against one William F. Hamrick, in the Hendricks Court of Common Pleas, on the 22d of April, 1869, for two hundred and eighteen dollars, and costs, being the amount of the subscription of said Hamrick as one of the subscribers to said company, and a part of the eight hundred dollars subscribed thereto per mile; that said company has released and abated from the several assessments made on lands lying within said limits, and compromised with several owners of such lands named, and received from them less than the amounts assessed as benefits to their several tracts of land, in about the sum of four hundred dollars, and thereby the relator has been damaged fifty dollars; that said company did not assess the benefits to each tract of land lying within the prescribed limits, as re-required by law, to the great damage of the relator.

Prayer, that the rights and privileges of the company as a corporation be declared forfeited.

A demurrer to the information for want of sufficient facts was sustained, and the plaintiff excepted; whereupon, the plaintiff refusing to amend the complaint, judgment was rendered against the relator for costs.

RAY, J.—The allegation, that the company assigned a judgment obtained in its favor, amounts to nothing, because there is no averment that full value was not received on such assignment. Nor can the charge that the company has not collected the full amount of assessment on particular pieces of land avail, as the statute expressly limits the sum to be collected, not alone by the amount of benefit to the land, but by the amount required to complete the road. Acts 1867, p. 168, sec. 3.

The failure of the assessors to list all the land benefited is not a failure of the company, but of the appraisers, who are appointed by the county commissioners and act under oath, their duties being imposed by statute. They act under no authority derived from the company, and their omisomission furnishes no cause of action against it. The remedy must be by proper proceeding to compel the appraisers to discharge their duty.

Judgment affirmed, with costs.

*C. C. Nave*, for appellant.